UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WENDELL WESLEY (#568647)**                         CIVIL ACTION

**VERSUS**

**DARREL VANNOY, ET AL**                             NO. 19-00141-BAJ-EWD

### RULING AND ORDER

Before the Court is a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254 filed by Petitioner Wendell Wesley. (Doc. 1). The Petition is opposed. (Doc. 6). The Magistrate Judge has issued a **Report and Recommendation,** recommending that the Court deny Petitioner's Petition for Writ of Habeas Corpus as untimely. (Doc. 15). Petitioner objected to the Report and Recommendation (Doc. 16).

The Magistrate Judge's ruling explained that a petitioner in state custody must seek federal habeas relief within a year of his conviction becoming final. 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). A properly filed application for state habeas relief or other collateral review tolls this time period. *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019).

Here, Petitioner's conviction became final on February 19, 2013. He filed his

post-conviction relief application one hundred ninety days later on August 28, 2013. The state trial court denied his post-conviction relief application on March 9, 2015. The Louisiana First Circuit Court of Appeals denied review on October 25, 2015, and the Louisiana Supreme Court ultimately denied review on March 24, 2017. Petitioner then waited a total of seven hundred ten days before filing his federal habeas application with this Court on March 4, 2019. As a result, Petitioner's application for post-conviction relief is untimely because a total of 900 un-tolled days passed before it was filed with this Court. However, the analysis does not end here. The Court must inquire about whether Petitioner is entitled to either statutory or equitable tolling.

The facts of this case show that Petitioner is not entitled to statutory tolling because the failure of a state court to provide notice of its rulings on requests for relief from state convictions generally implicates equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508 (5th Cir. 2000); *Critchley v. Thaler*, 586 F.3d 318, 318 n.3 (5th Cir. 2009) ("when the state fails to provide notice of its ruling on a state habeas petition to the affected petitioner as is required by Texas law, equitable tolling rules govern that situation.").

The Court agrees with the Magistrate Judge's analysis that Petitioner is not entitled to equitable tolling because he did not act with reasonable diligence. (Doc. 16, p.7). The United States Court of Appeals for the Fifth Circuit requires that a holistic analysis be conducted when determining whether equitable tolling is warranted. *See Diggs v. Vannoy*, 840 F. App'x. 779, 781 (5th Cir. 2021). (Equitable

tolling is "discretionary," "does not lend itself to bright-line rules," and "turns on the facts and circumstances of a particular case.") *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999 (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). The Fifth Circuit determined that "a petitioner seeking equitable tolling must demonstrate that he pursued the [habeas corpus relief] process with diligence and alacrity both before and after receiving notification that his state petition was denied." *Diggs v. Vannoy*, 840 F. App'x. 779, 781 (5th Cir. 2021). "The promptness and frequency of inquiry into the status of a petitioner's case provides guidance regarding when tolling may be warranted." *Brown v. Vannoy*, No. CV 17-0314-JWD-EWD, 2021 WL 4074793, at *4 (M.D. La. Aug. 6, 2021), report and recommendation adopted, No. CV 17-0314-JWD-EWD, 2021 WL 4066989 (M.D. La. Sept. 7, 2021). In *Hardy v. Quaterman*, 577 F.3d 596, 599 (5th Cir. 2009), for example, the Fifth Circuit found a petitioner acted with reasonable diligence when he waited two months to file his state habeas petition. However, in *Stroman v. Thaler*, 603 F.3d 299, 302-303 (5th Cir. 2010), the Fifth Circuit concluded that a petitioner did not act with reasonable diligence when he waited seven months to file his state habeas petition. Moreover, the Fifth Circuit found a petitioner also showed reasonable diligence, although he waited eleven months before filing his state habeas petition when he made four inquiries to the state court about its delay and contacted the federal court about his federal petition seventeen days after he learned of the state court's ruling. *Williams v. Thaler*, 400 F.App'x 886, 891 (5th Cir. 2010).

Here, however, the Court agrees that Petitioner did not act with reasonable

3

diligence. Petitioner waited one hundred ninety days to file his state habeas petition; fifty-four days after receiving notice to file his federal habeas petition; and only checked the status of his pending application one time over three years after it was filed. (Doc. 15, p. 9).

Accordingly, Petitioner is not entitled to equitable tolling regarding his untimely federal habeas application because he failed to exercise reasonable diligence by delaying the filing his state habeas petition and he failed to make timely inquiries about the status of the Louisiana Supreme Court's ruling.

Having carefully considered the underlying Petition, the Motion at issue, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Petitioner's application for habeas corpus relief is **DENIED**, as untimely, and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED** if Petitioner seeks to pursue an appeal.

Baton Rouge, Louisiana, this 30th day of March, 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA